

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

NO. 2-09-324-CR

STUART EADS CLEMENTS          APPELLANT

V.

THE STATE OF TEXAS          STATE

------------

FROM COUNTY COURT AT LAW OF WISE COUNTY

------------

## MEMORANDUM OPINION[1]

------------

## I. Introduction

In one issue, Appellant Stuart Eads Clements appeals his conviction for misdemeanor assault, arguing that the evidence is legally insufficient to prove assault as alleged in the State's information. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

## II.  Background

Viola Gasper hired Terry Cobb, a self-employed construction worker, to install a septic tank in her front yard.  When Cobb arrived on the third day to finish the job, he saw Clements, Gasper's neighbor, walking around in his front yard.  Cobb did not think anything of it and proceeded to walk to the area in Gasper's yard where he had been working.  Clements approached the fence between his and Gasper's yards and told Cobb that he worked nights and that the sound of Cobb's tractor had been keeping him up during the day.  An argument ensued, resulting in an altercation between Clements and Cobb.

Cobb filed a formal complaint with the sheriff's office, which eventually led the State to charge Clements with assault, a class A misdemeanor.  The information read in pertinent part that:  ". . . one STUART EADS CLEMENTS, did then and there intentionally and knowingly cause bodily injury to TERRY COBB, to-wit:  BY HITTING TERRY COBB IN THE FACE CAUSING PAIN."  The jury found Clements guilty of assault as charged in the information.  The trial court assessed punishment at 365 days' confinement in county jail, suspended Clements's confinement, placed him on probation for two years, and assessed a $1,500 fine.  This appeal followed.

### III. Legal Sufficiency

In his sole issue, Clements asserts that the evidence is legally insufficient to support the jury's finding that he assaulted Cobb by hitting him in the face because there was no testimony that Cobb was hit in the face.

In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

At trial, in addition to seeing photographs of Cobb's face taken after the incident, which showed what appears to be abrasions all over Cobb's face and a split lip, the jury also heard Cobb's testimony about the altercation and Deputy James Rodgers's observations of what Cobb looked like shortly after the altercation.

Cobb testified that Clements walked to the end of the fence, crossed over into Gasper's yard, and grabbed Cobb by the jacket. Cobb then

> hit [Clements] in the stomach, which didn't seem to have a whole lot of effect on [Clements]. So [Cobb] jerked [his] jacket off over [his] head and kind of went to [Clements], and [they] wound up on the ground. Then [they] wound up back again. Then [they] wound

3

up on the ground again. And that's when the lady [Gasper] come out screaming.

When Gasper screamed, "What are y'all doing?", they both stopped and got up. Cobb then went into Gasper's house to clean off his face while Gasper called the police.

When asked on cross-examination whether Clements had ever punched him, Cobb responded, "Yes," and "I can't tell you exactly where all. I know I had knuckle prints *in my head* where I felt them." [Emphasis added.] Upon further questioning about how many times he thought he had been hit in the head, Cobb responded, "[t]hree to four times." When shown pictures of his face taken after the incident and questioned about swelling, Cobb responded, "My nose is swelled up."

Deputy Rodgers, a patrol deputy with the Wise County Sheriff's Office, testified that upon arriving at the scene, he met with Cobb inside Gasper's house. When he first saw Cobb, Cobb was "being treated for some minor cuts and looked like, you know, lacerations and scrapes on his face." Deputy Rodgers testified that Cobb looked like he had been punched numerous times in the face. On cross, Deputy Rodgers conceded that the cuts and abrasions were also consistent with rolling around on the ground—"could be somebody dragging somebody's, you know, face across pavement." When asked, "Were

4

the injuries that you viewed on Mr. Cobb were they consistent with somebody being assaulted?", Deputy Rogers responded, "Yes, sir." Deputy Rogers's report of the incident was admitted into evidence and stated in pertinent part that: "Clements became very angry and jumped over the fence and assaulted Cobb."

Viewing the evidence in the light most favorable to the verdict, the jury could have reasonably inferred that Clements hit Cobb in the face, causing the cut on Cobb's lip or the swelling of Cobb's nose as seen in the photographs. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Clayton*, 235 S.W.3d at 778 (stating that it is the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts). Therefore, we hold that the evidence is legally sufficient to support Clements's conviction of assault as alleged in the State's information. Accordingly, we overrule his sole issue.

## IV.  Conclusion

Having overruled Clements's sole issue, we affirm the trial court's judgment.

BOB MCCOY
JUSTICE

PANEL:  WALKER, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 22, 2010

6